**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-5264**

———————————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

      v.

EDWIN F. ALVANEZ,

           Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge.
(8:07-cr-00326-DKC-2)

———————————

Submitted:  October 15, 2009        Decided:  October 19, 2009

———————————

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Warren E. Gorman, Chevy Chase, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Peter M. Nothstein,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin F. Alvanez appeals from his conviction on a guilty plea and sentence on charges of knowing possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 (2006) (Count One), and knowing possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1) (2006) (Count Nine). Alvanez filed a motion to withdraw his guilty plea, which the district court denied. The district court sentenced him to 120 months' imprisonment on Count One and 60 months' imprisonment on Count Nine, to run consecutively, for a total term of imprisonment of 180 months. He appeals, asserting that the district court erred in denying his motion to withdraw his guilty plea, and in calculating his sentence. He further asserts ineffective assistance of counsel. We affirm.

We review Alvanez' claim of error in the district court's denial of his motion to withdraw his guilty plea for abuse of discretion. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Alvanez contends that his guilty plea was involuntary because he had limited education and intelligence. In light of the district court's full compliance with Fed. R. Crim. P. 11 in accepting Alvanez' guilty plea, during which Alvanez had the full advice of counsel, he has not "offered credible evidence that his plea was not knowing or

2

otherwise involuntary." Id.[1] He also asserts that the plea was involuntary because the district court later enhanced his sentence four levels,[2] an enhancement which was not anticipated by the parties at the time of the plea. However, the record reflects that Alvanez was fully informed that the district court was not bound at sentencing by the guidelines calculation in the plea agreement, and he admitted to the facts supporting the enhancement of which he now complains. On these facts, we find no abuse of discretion in the court's denial of Alvanez' motion to withdraw his plea.

Alvanez also asserts error in the district court's application of the USSG § 2K2.1(b)(6) enhancement, claiming that it was not included in the plea agreement and, citing Apprendi v. New Jersey, 530 U.S. 466 (2000), asserting that it should have been submitted to a jury for proof beyond a reasonable doubt. As stated above, the district court was not bound by the plea agreement in rendering its sentence, a fact of which

_____

[1] Alvanez' expert witness, Dr. David Williamson, who testified at sentencing that Alvanez had limited intelligence and education, did not opine that Alvanez was unable to understand the charges against him or his rights, or that Alvanez' limitations rendered him incompetent to plead guilty.

[2] The four-level enhancement was based on Alvanez' use of the firearm during the commission of another felony, pursuant to U.S. Sentencing Guidelines Manual ("USSG"), § 2K2.1(b)(6) (2008).

3

Alvanez was fully aware.  Nor does Apprendi provide relief here, because Alvanez admitted the facts on which the district court relied in applying the enhancement.  Id. at 490.

Finally, Alvanez' ineffective assistance of counsel claim is not cognizable on direct appeal unless such ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). As our review does not demonstrate such ineffectiveness, we decline to consider Alvanez' claim at this juncture.

Accordingly, we affirm Alvanez' conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED